IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCE MULLINS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13 CV 1829 |
| v. | ) ) | Hon. Charles R. Norgle |
| DIRECT DIGITAL, LLC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Vince Mullins' Renewed Motion for Class Certification [45] is granted in part and denied in part.

## STATEMENT

  This is a putative consumer fraud class action arising under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 502/1, *et seq.*, and similar consumer protection laws in nine other states. Plaintiff Vince Mullins ("Plaintiff"), on behalf of himself and others similarly situated, sues Direct Digital, LLC ("Defendant") for fraudulently purporting that its product, Instaflex Joint Support ("Instaflex"), has health benefits when it is actually nothing more than a sugar pill placebo. Specifically, Plaintiff alleges that the statements "Relieve Discomfort," "Improve Flexibility," "Increase Mobility," "scientifically formulated," and "clinically tested" on each Instaflex label are deceptive and constitute misrepresentation. Before the Court is Plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23. For the following reasons, the motion is granted in part and denied in part.

  Plaintiff moves to certify one of two classes. The first is a multi-state class including:

> All consumers in Illinois and states with similar laws, who purchased Instaflex within the applicable statute of limitations of the respective Class States, for personal use until the date notice is disseminated.

Mem. in Supp. of Pls.' Renewed Mot. for Class Certification 4. In the alternative, Plaintiff moves to moves to certify a class including only Illinois residents. Id.

  Class certification is more than a "mere pleading standard." Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). Plaintiff "must not only 'be prepared to prove that there are *in* fact sufficiently numerous parties, common questions of law and fact,' typicality of claims or defenses, and adequacy of representation. [Plaintiff] must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." Id.; see also Fed. R. Civ. P. 23(a)-(b). "On issues affecting class certification . . . a court may not simply assume the truth of the matters as asserted by the plaintiff." Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012).

Although Plaintiff need not show that the proposed class satisfies Rule 23's requirements "to a degree of absolute certainty," he must prove each disputed requirement by a preponderance of the evidence. Id. (citing Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008)).

There are several class action lawsuits pending in California against manufacturers of various health supplements containing the active ingredient glucosamine sulfate, supplements very similar to Instaflex. In those three cases, like this one, plaintiffs allege that defendants' products do not deliver the marketed health benefits. In those cases, the district court has granted class certification twice and denied it once. See McCrary v. Elations Co., 2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) (granting class certification); Cabral v. Supple, LLC, No5:12-cv-0085 MWF (OPx) (C.D. Cal. Fe. 14, 2013) (granting class certification); Moheb v. Nutramax Laboratories Inc., 2012 WL 6951904 (C.D.Cal. Sept. 4, 2012) (denying class certification). The Court "has discretion to evaluate practical considerations that may make class treatment unwieldy despite the apparently common issues." In re IKO Roofing Shingle Prods. Liability Litig., 757 F.3d 599, 603 (7th Cir. 2014). In a consumer fraud class action, the critical element for class certification is that a plaintiff has "a theory of loss that match[es] the theory of liability." Id. at 602.

In Moheb, Plaintiff's common contention was that "Defendant misrepresents the efficacy of Cosamin because it has not been 'proven' to reduce joint [sic] and cannot be the 'only' brand proven to reduce joint pain." 2012 WL 6951904 at *4. Class certification failed in Moheb for multiple reasons. One reason was that given plaintiff's theory of liability, the commonality and typicality prerequisites could not be met; there were individual questions of what, if any, benefits the class members received from using the product and the plaintiff's medical condition was not typical of the other class members. Id.

In McCrary, on the other hand, plaintiff's theory of liability was that "Elations is not clinically proven to have any impact on joints, and Elations' label was therefore false." 2014 WL 1779243 at *3. Because McCrary's legal theory was not based on the efficacy of the product, but was limited to the veracity of the statements on the product's label, "[b]y definition, class members were exposed to these labeling claims, creating a 'common core of salient facts.'" Id. at *10 (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019-20 (9th Cir. 1998)). The question of false advertising was common to all class members and plaintiff's claims were typical of all class members because he relied on the false advertising before purchasing the product. Id.

Here, Defendant challenges whether the class can be feasibly ascertained and whether Plaintiff can satisfy the following three prerequisites of Rule 23(a) — commonality, typicality, and adequacy. The Court finds that this case is analogous to McCrary because Plaintiff's claims are related to the veracity of the statements on Instaflex's label. For the reasons discussed below, Plaintiff's proposed class is ascertainable and the prerequisites of Rule 23(a) are satisfied.

Plaintiff's class is ascertainable because it is objectively contained to all individuals who purchased Instaflex for personal use during the class period and the class period is finite. The class period will close when notice of this action is disseminated to the class members and will include all individuals who purchased Instaflex within the relevant statute of limitations period allowed by the relevant consumer fraud statute of the state in which they reside.[1]

---

[1] For example, the relevant statute of limitations in Illinois is three years, 815 ILCS 505/10a(e), and in California the relevant statute of limitations is four years, Cal. Bus. & Prof. Code § 17208.

Defendant concedes that it has sold Instaflex to thousands of consumers across the nation, thus "there are in fact sufficiently numerous parties" to certify a class. Wal-Mart Stores, Inc, 131 S. Ct. at 2551.

To satisfy commonality, the plaintiff's "claims must depend on a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke" Id. Commonality is satisfied here because the questions of law and fact are common to the class: whether the ingredients of Instaflex provide any health benefits to a person's joints and whether Instaflex's labeling deceives the public consumer.

"A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." Keele v. Wexler, 149 F.3d 589, 595 (7th Cir. 1998) (internal quotation marks and citation omitted). Plaintiff claims that he relied on Instaflex's label when he purchased it and he received no benefit after using it. His claim is based on Illinois' and other states' consumer protection statutes. This is the same course of conduct and same legal theory that would be typical for the other class members, therefore, typicality is met.

Adequacy is met because Plaintiff's tenuous relationship with one member of class counsel has no bearing on his ability to fairly and adequately protect the interests of the class. Plaintiff has already retained experienced and qualified class counsel, attended depositions, and has no disabling conflicts with the interests of the class. The prerequisites under Rule 23(a) are satisfied.

Next, Plaintiff seeks certification under Rule 23(b)(2) and (b)(3). To obtain certification for a class seeking injunctive relief under Rule 23(b)(2), Plaintiff must show: "(1) the plaintiffs have suffered irreparable harm; (2) monetary damages are inadequate to remedy the injury; (3) an equitable remedy is warranted based on the balance of hardships between the plaintiffs and defendant; and (4) the public interest would be well served by the injunction." Karman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883, 892 (7th Cir. 2011) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (outlining traditional test for permanent injunctive relief)). Plaintiff alleges, *inter alia*, that the Instaflex product is a phony and he seeks a refund (as well as the appropriate fines under the state consumer fraud statutes) for himself and the other members of the class. The harm to Plaintiff, and likewise the class, "is easily remedied by an award of money damages, a fully adequate remedy." Id. While accurate and truthful labeling would be in the public interest, the other elements required for a permanent injunction are not met.

Pursuant to Rule 23(b)(3), Plaintiff must show by a preponderance of evidence: "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." Messner, 669 F.3d at 811 (citing Fed. R. Civ. P. 23(b)(3)). The Court has a "duty to take a 'close look' at whether common questions predominate over individual ones." Comcast Corp., 133 S. Ct. at 1432. However, "[i]n conducting this analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." Messner, 669 F.3d at 811 (citations omitted). Class treatment is appropriate where, as here, a plaintiff's theory of damages matches their theory of liability. In re IKO Roofing Shingle Products Liability Litigation, 757 F.3d at 602.

Plaintiff's theory of damages—a full refund and statutory consumer fraud fines—matches his theory of liability—Instaflex does not perform as advertised. Whether the medical studies of

Plaintiff's experts will show that "glucosamine, alone or in combination, is not effective in providing the represented joint health benefits" and Instaflex "was no more effective than [a] placebo" is a question of fact common to the members of the proposed class. Pl. Compl. ¶ 21, 22. If the medical studies are true, Instaflex's label would be fraudulent on its face, and this question concerns every member of the class. "Rule 23 allows certification of classes that are fated to lose as well as classes that are sure to win." Schleicher v. Wendt, 618 F.3d 679, 686 (7th Cir. 2010). Proceeding to trial as a class will produce a common answer to whether the advertisements on Instaflex's label are false.

Given the sheer size of this class, certifying the class will "achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Amchem Prods. v. Windsor, 521 U.S. 591, 615 (1997) (internal quotation and citation omitted). Thus, class certification is superior to individual lawsuits.

Finally, Plaintiff's request of the Court to appoint Stewart M. Weltman, LLC; Bonnett, Fairbourn, Friedman & Balint PC; and Siprut PC as class counsel is granted pursuant to Rule 23(g).

For the foregoing reasons, Plaintiff's motion to certify a multi-state class pursuant to Rule 23(b)(3) is granted. His request for an injunctive class under Rule 23(b)(2) is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 30, 2014