IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCE MULLINS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT DIGITAL, LLC., a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: 1:13-cv-01829<br><br>CLASS ACTION<br><br>The Honorable Charles R. Norgle, Sr. |

**FINAL JUDGMENT AND ORDER**

This matter came before the Court on Plaintiff's motion for final approval of the proposed class action settlement with set forth in the Settlement Agreement dated March 1, 2017 between Plaintiff, on the one hand, and Direct Digital, LLC on the other hand ("Settlement Agreement"), and preliminarily approved in this Court's order of March 9, 2017 [Dkt. No. 130]. The Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for the settlement of the case, and provides for the dismissal of Plaintiff's individual and class claims against Direct Digital and its affiliated parties ("Direct Digital") with prejudice upon the Effective Final Judgment Date.

The Court having held a Fairness Hearing on the fairness, adequacy, and reasonableness of the settlement and considered all of the written submissions and oral arguments made in connection with final settlement approval, and having issued a Memorandum Opinion and Order on [date] [Dkt. No.] hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Final Judgment and Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order. The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

3. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving consumer class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

4. All Settlement Class members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising the objection.

5. The Parties, the Released Parties, and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Judgment and Order.

6. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

7. Under Rule 23(b)(3), the Court makes final its previous conditional certification of the Settlement Class, defined as all persons who paid money to obtain Instaflex Joint Support ("Instaflex") for personal use and not for resale or distribution, including all persons who paid only shipping and handling for an Instaflex trial or sample. The Settlement Class does not include: (i) Defendant; (ii) retailers of Instaflex; (iii) the parents, subsidiaries, affiliates, officers, and directors or (i) and (ii); (iv) those persons who submit valid requests from exclusion from the Settlement Class; and (v) any persons who purchased Instaflex and have already received a full refund.

8. The requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff is typical of the claims of the Settlement Class; the Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

9. The preliminary appointment of Elaine A. Ryan (Bonnett, Fairbourn, Friedman & Balint, P.C.), Max A. Stein (Boodell & Domanskis, LLC), and Stewart M. Weltman (Siprut, P.C) as Settlement Class Counsel is hereby made final. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class.

10. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation without prejudice as to all Released Parties, without fees or costs, except as provided in the Settlement Agreement. This dismissal without prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims, but is "without prejudice" so as to allow the Court to supervise the implementation and administration of the Settlement.

11. By operation of this Final Judgment and Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, and the Released Parties

release and forever discharge Plaintiff and Settlement Class Counsel, as set forth in Paragraphs 11-13 of the Settlement Agreement.

    a.    As used in this Order, the Releasing Parties are Plaintiff and each Settlement Class member (except a person who has obtained proper and timely exclusion from the Settlement Class), and their related individuals and entities (including but not limited to Plaintiff's and Settlement Class members' spouses and former spouses, and their present, former, and future respective administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors) (collectively, the "Releasing Parties").

    b.    As used in this Order, the Released Parties are (i) Direct Digital, LLC including, but not limited to its present, former, and future direct and indirect parent companies, affiliaties, agents, members, shareholders, owners, divisions, predecessors-in-interest, subsidiaries, successors, and any entities that manufactured or sold Instaflex from which Direct Digital acquires assets or contracts; and (ii) any person or entity in the chain of distribution of Instaflex including, but not limited to, raw material suppliers, distributors, and retailers (including, but not limited to GNC, to the extent that it is in the chain of distribution of Instaflex) including, but not limited to, their present, former, and future direct and indirect parent companies, affiliates, agents, divisions, predecessors-in-interest, subsidiaries, and successors (collectively, the "Released Parties").

    c.    The Released Claims include any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated , arising from any time in the past through the date of Preliminary Approval, arising out of or relating in any way to: (i) allegations, claims, or contentions that were or could have been asserted in the Litigation; (ii) the Product, including, but not limited to, its efficacy or performance, and any and all advertising, labeling, packaging, marketing, claims, or

representations of any type whatsoever made in connection with the Product (collectively, the "Released Claims").

12. As long as Instaflex continues to be sold and does not include on its label any of the words prohibited by Paragraph 7 of the Settlement Agreement, or statements conveying the same message, no Releasing Party who purchases the Product may sue based on any allegation, contention, claim, or cause of action that would have, had the matter occurred prior to the date of Preliminary Approval, been within the scope of the Released Claims. The Released Claims do not encompass any claim for personal injuries or safety-related concerns.

13. The Release includes claims that are currently unknown to the Releasing Parties. The Release in this Order and the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiff, the Settlement Class members located in

California or who are California residents or citizens, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiff, Settlement Class members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

14. Notwithstanding anything in the Settlement Agreement to the contrary, Direct Digital shall not be required to change or cause the removal of any claims on any packaging which exists as of the Effective Final Judgment Date, regardless of whether such claims appear on packaging that exists in warehouses or other storage locations for future sales at retail locations or via any internet website.

15. Subsequent to the Effective Final Judgment Date, if Direct Digital becomes aware of new evidence substantiating representations prohibited by the terms of the Settlement Agreement, Direct Digital may, upon 45 days written notice to Settlement Counsel seek relief from the United States District Court for the Northern District of Illinois to change the labels accordingly.

16. Except as to the rights and obligations provided for under the Agreement, by operation of this Order, Direct Digital hereby releases and forever discharges Plaintiff, the Settlement Class, and Settlement Class Counsel from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

unliquidated, which the Released Parties may now have, own or hold or which the Released Parties at any time may have, own, or hold, against Plaintiff, the Settlement Class, or Settlement Class Counsel by reason of any matter, cause, or thing whatsoever occurred, done, omitted, or suffered from the beginning of time to the date of the Preliminary Approval of the Settlement Agreement, related to the subject matter of the Litigation.

17. Plaintiff, Settlement Class members, and the Releasing Parties are permanently enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any court or other tribunal (such as arbitration). Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Direct Digital or any other Released Party as a result of such violation.

18. The Court makes the following awards to Plaintiff and Settlement Class Counsel:

   a. $ 1,427,468.91 as attorneys' fees and costs to Bonnett, Fairbourn, Friedman & Balint, P.C., Levin Fishbein Sedren & Berman, Boodell & Domanskis, LLC; and Siprut, P.C., and

   b. $ 5,000.00 as an incentive award to the Class Representative. These amounts shall be paid to the escrow/trust account of Bonnett, Fairbourn, Friedman & Balint, P.C. for further distribution to Plaintiff and to Settlement Class Counsel.

19. Without affecting the finality of this Final Judgment and Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

20. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement

Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding or other forum, or (b) any liability, responsibility, fault, wrongdoing or otherwise of Direct Digital. Direct Digital has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

21. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. In the event that the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation, the Underlying Actions, or any other action or proceeding.

22. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

23. Neither Settlement Class Counsel's applications for an incentive award, attorneys' fees, and reimbursement of expenses, nor any order or proceedings relating to such applications, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Judgment, and all such matters shall be considered separate from this Final Judgment and Order.

24. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to

oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: ___9-7-___, 2017

_Charles R. Norgle_
The Honorable Charles R. Norgle, Sr.
UNITED STATES DISTRICT JUDGE